UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-681-S

**RONALD ROBERTS** *et al.*                                                                                      **PLAINTIFFS**

v.

**PATRICIA WALKER FITZGERALD** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

**I.**

Plaintiff, Ronald Roberts, acting *pro se*, commenced this action on behalf of himself and his three minor children, J.R.1, B.R., and J.R 2.  As Defendants Plaintiff named Patricia Walker Fitzgerald, Judge of Family Court Division 3; Peggy Kennetz; Robert Brill; Gary Cline; and Lynette Ponder.  Plaintiff has filed an application to proceed without prepayment of filing fees (DN 3).  Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a).  His application (DN 3) is, therefore, **GRANTED**.

In his form complaint, Plaintiff states:

My name is Ronald Roberts the Natural Father of J.R.1 age 9, B.R. age 7, and J.R.2, age 2.  I have had my legal and civil rights violated in a conspiracy to punish me as a retaliatory measure for being successful in an appea1 that I successful.  I will disclose evidence as needed to support these facts to the court . . . I Ronald Roberts swear to: That Judge Patricia Walker Fitzgerald of Jefferson Family Court Div. # 3 has continued to conspire with defendants named above; to violate my civil rights; by use of her judicial position to deny me all disclosure of evidence used against in every hearing.  It has come to the point where their basic legal rights and procedures have become somewhat of a Kangaroo Court Setting . . . I was not any way allowed under my Constitutional Rights, Civil Rights, and Legal Rights to review any files or charts to prepare for a defense or have counsel review evidence.  Patricia Walker conspired with Lynette Ponder, Bob Brill, Peggy Kennetz in a bogus hearing to take all of my visitation rights. . . . Judge Patricia Walker Fitzgerald conspired with Lynette Ponder, Gary Cline, Bob Brill, Peggy Kennetz to violate Federal Law Title U.S.C. Section 241 Conspiracy against Rights and Title 18 U.S.C. Section 242

Deprivation of Rights Under Color of Law.

Plaintiff also recently filed an amended complaint (DN 6) that provides more details concerning Plaintiff's allegations against Defendants.

Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint under 28 U.S.C. § 1915(e) before process is served. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Section 1915(e)(2) requires a Court to dismiss a case at any time if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.

First, the Court will address Plaintiff's inclusion of his three minor children as plaintiffs in this action. "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not

2

permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Consequently, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970. Because Plaintiff Roberts cannot represent the three minor children, **IT IS HEREBY ORDERED** that:

Plaintiffs J.R.1, B.R., and J.R.2 are **DISMISSED** from this action. **IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED to RESTRICT** Plaintiff's amended complaint (DN 6) to parties and Court users because it contains the full names of the minor children.

### III.

Plaintiff seeks relief against Defendants exclusively under 18 U.S.C. §§ 241 and 242. However, 18 U.S.C. §§ 241 and 242 are criminal statutes that do not support a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579 (6th Cir. 2003). As a private citizen, Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution" of Defendants under these statutes. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff lacks standing to maintain the current action and the Court must dismiss it. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (affirming district court's dismissal of a civil action under 18 U.S.C. §§ 241 and 242).

The Court will enter a separate Order of Dismissal.

Date: January 17, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4413.008